1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8 CHRISTOPHER ROBERSON,

9              Petitioner,

10       vs.

11 UNITED STATES OF AMERICA,

12              Respondent.

13

Case No:  C 11-2512 SBA

2255 MOT. – See CR 08-509 SBA

**ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255**

14       Pursuant to a written Plea Agreement governed by Federal Rule of Criminal

15 Procedure 11(c)(1)(C), Petitioner pled guilty to Count Two of the Indictment for armed

16 bank robbery, 18 U.S.C. § 2113(a), and Count Three for brandishing a firearm, 18 U.S.C.

17 § 924(c)(1)(A).  Dkt. 66.  As set forth in paragraph 7 of the Plea Agreement, the Guideline

18 level for Count Two was 23, which was calculated as follows:

19       Base offense level (U.S.S.G. § 2B3.1(a))              20

20       Property of a financial institution                      +2

21       Physically restrained used to facilitate the
         commission of the offense                             +2
22
         Reckless endangerment                                +2
23
         Acceptance of responsibility                          -3
24
         Adjusted offense level                                 23
25

26 Dkt. 66 ¶ 7.  Based on an adjusted offense level of 23 and criminal history category III, the

27 Guideline range for Count Two was 57-71 months' imprisonment.  As to Count Three, the

28

1  Plea Agreement specified the application of a mandatory seven year (i.e., eighty-four

2  months) consecutive term of imprisonment.

3          On September 29, 2009, the Court accepted the Plea Agreement and sentenced

4  Petitioner to 46 months on Count Two and 84 months on Count Three, for a total of 130

5  months in the custody of the Bureau of Prisons.  Dkt. 59.  Judgment was entered on

6  October 5, 2009.  Dkt. 67.

7          On May 23, 2011, Petitioner filed the instant pro se motion challenging his sentence,

8  pursuant to 28 U.S.C. § 2255.  Dkt. 97.  As the basis for said motion, he contends that the

9  Court erroneously calculated his adjusted offense level on Count Two as twenty-six, as it

10  "forgot" to grant him a three-level reduction for acceptance of responsibility under

11  U.S.S.G. § 3E1.1.  The United States opposes the motion.  Dkt. 100.

12          Petitioner's 2255 motion fails on both procedural and substantive grounds.  First, the

13  motion is untimely because it was filed more than one year after the entry of final

14  judgment.  See 28 U.S.C. § 2255(f).  Although Petitioner vaguely claims that his facility

15  was on lockdown several times after his arrival, lockdowns do not constitute extraordinary

16  circumstances warranting equitable tolling.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th

17  Cir. 2009); accord Atkins v. Harris, No. C 98–3188 MJJ(PR), 1999 WL 13719, *2 (N.D.

18  Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute

19  extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.

20  Prisoners familiar with the routine restrictions of prison life must take such matters into

21  account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack

22  of legal sophistication also does not excuse the delay.").

23          Second, under the terms of Petitioner's Plea Agreement, Petitioner agreed to waive

24  "any collateral attack on [his] conviction or sentence under 28 U.S.C. § 2255 . . . except for

25  a claim that [his] constitutional right to effective assistance of counsel was violated."  Dkt.

26  66 ¶ 5.  Nowhere in his motion does Petitioner allege that his counsel was constitutionally

27  ineffective.

28

Finally, Petitioner is incorrect in claiming that the Court did not grant him a three level adjustment to his offense level for acceptance of responsibility.  The sentence imposed by the Court is consistent with the Plea Agreement and presentence report, which incorporated a three level adjustment for acceptance of responsibility.  In addition, the sentence imposed on Count Two was below the applicable Guideline range.  The remaining portion of the sentence is attributable to Count Three, which was subject to a lengthy statutory mandatory minimum, concurrent sentence.

In sum, the Court finds no legal basis upon which to modify Petitioner's sentence.  Accordingly,

IT IS HEREBY ORDERED THAT Petitioner's motion under 28 U.S.C. § 2255 is DENIED.  Because no reasonable jurist would find the denial of the instant motion debatable or wrong, the Court declines to issue a certificate of appealability.  The Clerk shall terminate all pending matters in case no. CR 08-00509 SBA and close case no. C 11-2512 SBA.

IT IS SO ORDERED.

Dated:  July 22, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge