UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: CR 08-00509 SBA |
| Plaintiff, | **ORDER** |
| vs. | |
| CHRISTOPHER ROBERSON, | |
| Defendant. | |

Pursuant to a written Plea Agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pled guilty to Count Two of the Indictment for armed bank robbery, 18 U.S.C. § 2113(a), and Count Three for brandishing a firearm, 18 U.S.C. § 924(c)(1)(A). Dkt. 66. Based on an adjusted offense level of 23 and criminal history category III, the Guideline range for Count Two was 57-71 months imprisonment. As to Count Three, the Plea Agreement specified the application of a mandatory seven year (i.e., eighty-four months) consecutive term of imprisonment. On September 29, 2009, the Court accepted the Plea Agreement and sentenced Petitioner to 46 months on Count Two and 84 months on Count Three, for a total of 130 months in the custody of the Bureau of Prisons. Dkt. 59. Judgment was entered on October 5, 2009. Dkt. 67. Defendant subsequently filed a motion to modify or vacate his sentence, pursuant to 28 U.S.C. § 2255, which the Court denied on July 22, 2014. Dkt. 105.

On April 7, 2016, Defendant filed a letter with the Court, stating as follows: "I want to know if the Johnson case pertains to me and my case." Dkt. 117. Presumably, Defendant is referring to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e)(2)(B)(ii). Id. at 2563 ("We hold that imposing an increased

sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process."). The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). The Supreme Court recently held that Johnson applies retroactively. Welch v. United States, -- U.S. -- No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).[1]

It appears that Defendant is seeking guidance regarding whether he can or should seek relief under Johnson. The Court is not permitted to provide an advisory opinion. However, for the benefit of Defendant, the Court notes that to the extent that he is attempting to rely on case law not previously available to him when he sought relief pursuant to § 2255, he is first required to request permission from the appropriate circuit court for leave to file a successive petition. See 28 U.S.C. § 2255(h). In this case, Defendant would need to seek permission from the Ninth Circuit Court of Appeals to file a second or successive motion under § 2255. If and when Defendant applies and obtains such permission, he may file a successive § 2255 motion and seek a judicial determination as to whether Johnson legally entitles him to resentencing.

IT IS SO ORDERED.

Dated: 4/22/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[1] Defendant was not sentenced under the ACCA, and hence, did not receive a mandatory minimum fifteen year sentence. Thus, it does not appear that Johnson is directly applicable to this case. However, it is not clear whether the rationale underlying Johnson applies, by extension, to a sentence under 18 U.S.C. § 924(c). E.g., Brown v. United States, No. 4:09CR81-15, 2016 WL 787450, at *2 (E.D. Va. Feb. 9, 2016) (ruling that a conviction for Hobbs Act robbery was not affected by Johnson).